```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WALLACE RICHARD SMITH,

                Plaintiff,

     -against-                              ORDER
                                            12-CV-2063(JS)(AKT)

KEVIN J. BARRY, District Director,
NY STATE OFFICES OF PARKS COMM.,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Wallace Richard Smith, Pro Se
                   808 Shady Oaks Drive
                   Elgin, IL 60120

For Defendants:    No Appearances
```

SEYBERT, District Judge:

Before the Court is the Complaint of pro se plaintiff Wallace Richard Smith ("Plaintiff") filed pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA") against the defendants Kevin J. Barry and the "NY State Office of Parks Comm." (together, the "Defendants"), accompanied by an application to proceed in forma pauperis. Upon review of the Plaintiff's declaration in support of his application, the Court finds that his financial status qualifies him to proceed without prepayment of the $350.00 filing fee. 28 U.S.C. § 1914(a). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Plaintiff's Complaint is sua sponte DISMISSED

pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(iii).

BACKGROUND

Plaintiff's Complaint, submitted on the Court's employment discrimination complaint form, is difficult to discern because Plaintiff has inserted handwritten notations throughout the Complaint that are largely unintelligible. For example, on the top of the first page of the Complaint, to the right of the caption, Plaintiff has written:

> I have a disability to my rt. leg. I have passed the lifeguard rehire test. I provided medical proof I was capable of working. The park has accomdations [sic], 2 pool[s], Zacks Bay. I have worked as a pool lifeguard here in IL. This has been a continuous corrupt act and conspiracy (RICO). I want the Court to rule I can take the lifeguard test and not the rehire and back pay.

Compl. at page 1. Plaintiff has checked the boxes on the Complaint form to allege that his claims arise under the ADEA and the ADA.[1] Id. Plaintiff has also checked the boxes on the Complaint form to allege that he complains of the following discriminatory conduct: "failure to hire, termination of my employment, failure to accommodate my disability, unequal terms and conditions of my employment, and other acts - allowing people who are not authorized to view my personal information!" Plaintiff claims that these

---

[1] Though Plaintiff has checked the box to allege age discrimination, he has not provided his age or date of birth. With regard to his disability discrimination claim, plaintiff alleges that he has an unspecified "disability to my rt. leg." Compl. at ¶ 7

alleged discriminatory acts occurred on or about May 28, 2003. Plaintiff's statement of claim, is alleged in its entirety as follows:

> In 1983 I passed the JB/RM Rehire test. I was awarded back my Boatswain position back and RM 3 Supervisor test without any problem. [On] May 29, 2004 I provided medical proff [sic] I could work and passing [sic] the exam. Many able body failed. In addittion [sic] I observed Joe Scalice punching in the time clock for Tim Hirten. Hirten was not yet back from playing Pro Basketball in Europ [sic]. He was LT @ Zachs Back. Others witnessed the behavior. I know the names. I beat many able body men who failed. I cannot work. I demand my position back if I pass the old rehire test. I have been requesting one since 1983. I pass & do not get hired. I went to see Dr. Heckerel MD.

Compl. at ¶ 8. Plaintiff alleges that he filed an administrative charge of discrimination with the New York State Division of Human Rights and with the Equal Employment Opportunity Commission ("EEOC") in May 1994. Compl. at ¶ 9. Annexed to the Complaint is a copy of the EEOC's Dismissal and Notice of Rights, dated January 26, 2012, signed by Kevin J. Berry, District Director.

## DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. The Court's Screening

A district court is required to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868(2009)); see, also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

4

The Federal Rules of Civil Procedure Rule 8 requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Pleadings must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" to allow the opposing party to identify the alleged wrongful conduct and prepare a case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957), overruled in part on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1995, 167 L. Ed. 2d 929 (2007)).

A district court may sua sponte dismiss a complaint that fails to comply with Rule 8. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Having reviewed Plaintiff's Complaint, the Court finds that it fails to state a plausible claim against a proper defendant. Even liberally read, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 163 (1980), Plaintiff's pro se Complaint does not meet the pleading requirements of Rule 8 nor

does it satisfy the standard set forth by the United States Supreme Court. Plaintiff does not identify his claimed disability or his date of birth, nor does he provide any factual allegations such that the Court could liberally construe a plausible disability discrimination and/or age discrimination claim. Further, because it is clear that Plaintiff was not employed by the EEOC, but, rather, is apparently dissatisfied with the outcome of his administrative charge, Plaintiff has also failed to allege a plausible disability discrimination and/or age discrimination claim against Defendant Barry. Moreover, Plaintiff's claims against the EEOC's District Director are dismissed for the additional reason that the Court lacks subject matter jurisdiction to adjudicate such claims. Sovereign immunity clearly bars Plaintiff's ADEA and ADA claims against the EEOC. See Burton v. US Equal Employment Opportunity Commission, No. 11-CV-4074(SLT)(LB), 2011 WL 4344154, at *3 (E.D.N.Y. Sept. 12, 2011) (sua sponte dismissing discrimination claim against the EEOC pursuant to 28 U.S.C. § 1915(e)(2)(B) because it was barred by sovereign immunity); McKoy v. Potter, No. 08-CV-9428(PKC), 2009 WL 1110692, at * 5 (S.D.N.Y. Apr. 21, 2009) ("Courts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge.") (citing Baba v. Japan Travel Bureau Int'l, 111 F.3d 2, 6 (2d Cir. 1997) (per curiam) (additional citations omitted); see, also Stone

v. NYC Transit, No. 04-CV-4141(NG)(LB), 2005 WL 1593524, at *1 (E.D.N.Y. July 7, 2005) ("[N]either the ADA nor Title VII grants a waiver of sovereign immunity . . . ."). Similarly, insofar as the Plaintiff seeks to sue the New York State Office of the Parks Commissioner, the Eleventh Amendment bars his ADEA and ADA claims for money damages. See Draves v. New York State Office of Parks, Recreation and Historical Preservation, No. 93-CV-1405 (MBM), 1993 WL 435640, at *3 (S.D.N.Y. Oct. 26, 1993) ("Because the immunity afforded by the Eleventh Amendment extends to state agencies, and because the New York State Office of Parks is a state agency which has not consented to suit, plaintiff's claims against the Office of Parks are barred.") (citations omitted); see, also McMillan, III, v. New York State Board of Elections, 449 F. Appx. 79, 80 (2d Cir. 2011) (affirming dismissal of claims against a state agency as barred by the Eleventh Amendment).

Because a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Shomo v. City of N.Y., 579 F.3d 176, 183 (2d Cir. 2009) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)), **Plaintiff is afforded leave to file an Amended Complaint against a proper defendant in accordance with this Order within thirty (30) days from the date that this Order is served upon him.** To the best of his ability, Plaintiff must set forth the factual

allegations to support his disability and/or age discrimination claims. Plaintiff is cautioned that insofar as he has alleged conduct that allegedly occurred only between 1983 and 2004, his claims are likely barred by the three-year statutes of limitation that govern ADA and ADEA claims. Accordingly, Plaintiff should include more recent facts, if any, in his Amended Complaint. Plaintiff is advised that an Amended Complaint does not simply add to the original Complaint but, rather, completely replaces the original. The Amended Complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time. If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be dismissed, judgment shall enter and the case will be closed. If Plaintiff files an Amended Complaint, the Court will review it pursuant to 28 U.S.C. § 1915A.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, but **the Complaint is sua sponte dismissed with prejudice unless Plaintiff files an Amended Complaint against a proper defendant in accordance with this Order within thirty (30) days from the date that this Order is served upon him.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                            SO ORDERED.

                            <u>/s/ JOANNA SEYBERT</u>
                            Joanna Seybert, U.S.D.J.

Dated:    May <u> 24 </u>, 2012
           Central Islip, New York