UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WALLACE RICHARD SMITH,

                Plaintiff,

    -against-

KEVIN J. BARRY, District Director,
NY STATE OFFICES OF PARKS COMM.,
JOE SCALISE, JANET GRANT, and
LONG ISLAND STATE PARKS COMM.,

                Defendants.
----------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 10 2012 ★
LONG ISLAND OFFICE

ORDER
12-CV-2063(JS)(AKT)

APPEARANCES:
For Plaintiff:    Wallace Richard Smith, Pro Se
                808 Shady Oaks Drive
                Elgin, IL 60120

For Defendants:   No Appearances

SEYBERT, District Judge:

       By Order dated May 24, 2012, the Court granted the application of pro se plaintiff Wallace Richard Smith ("Plaintiff") to proceed in forma pauperis, but sua sponte dismissed his Complaint filed pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA") against the defendants Kevin J. Barry and the "NY State Office of Parks Comm." pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(iii) with leave to file an Amended Complaint. On June 18, 2012, the Court received a two-page undated letter from Plaintiff wherein he requested that the Court "reinstate[] his complaint . . . ." By Order dated June 22, 2012, the undersigned advised Plaintiff that his submission did not comply with the May 24, 2012 Order and extended

the deadline for Plaintiff to file an Amended Complaint in conformity with the May 24, 2012 Order through July 18, 2012. On July 16, 2012, Plaintiff filed the instant Amended Complaint. Though Plaintiff continues to name the Equal Employment Opportunity Commission's (the "EEOC") District Director, Kevin J. Barry, and the "NY State Office of Parks Comm.," he has also now included as defendants Joe Scalise ("Scalise"), Janet Grant ("Grant") and the Long Island State Parks Comm.[1]

Upon review of the Amended Complaint, and affording it a liberal construction as this Court is required to do, the Court finds that it fails to state a plausible claim and accordingly, the Amended Complaint is sua sponte dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(iii).

### The Amended Complaint

Plaintiff alleges that his claims arise under the Americans with Disabilities Act, "Violation of Privacy" and the "Civil Rico Act." Am Compl. at page 1. Plaintiff claims that, "[o]n or about April 2011-12" he applied for a position as a Lifeguard Coordinator or assistant, but was not considered for the position because of Plaintiff's unspecified disability and in retaliation for Plaintiff's earlier complaint that he filed with

---

[1] Scalise is alleged to be the "Director of Lifeguard's [sic] Long Island State Parks Commission" and Grant is alleged to be affiliated with Human Resources Office of the Long Island State Parks Commission. Am. Compl. at page 1 and ¶ 3.

2

the New York State Human Rights Commission. According to the Amended Complaint, in April 2012, Plaintiff requested applications for the "lifeguard's new hire test and re-hire test" but never received an application for either test. Am. Compl. at ¶ 2. Plaintiff alleges he was never sent the applications because of his disability and in retaliation for Plaintiff's earlier complaint that he filed with the New York State Human Rights Commission. Id.

Plaintiff further claims that, in August 2010, Grant "allowed unauthorized individuals to view [his] employment card containing [his] personal information, which included Date of Birth, Social Security Number, Home Address and Telephone Number, without [his] consent." Compl. at ¶ 3. As a result, Plaintiff claims that Grant "violated the State and Federal Privacy Act in addition to placing [P]laintiff and his family at risk." Finally, Plaintiff claims to have requested that he be given an "accommodation in order to be able to take [the] re[-]hire test" but that the "defendants' [sic] would not agree to this request[] [in] direct violation of the Americans with [D]isabilities Act." Compl. at ¶ 4. As a result of the foregoing, Plaintiff seeks to recover "damages in excess of $50,000.00 for the violation of the ADA Act [sic], and an additional $50,000.00 for the Violation of Privacy." Compl. at ¶ 5.

## DISCUSSION

I. <u>The Court's Screening</u>

A district court is required to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i-iii); <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that <u>pro se</u> complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's <u>pro se</u> complaint liberally, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); <u>Chavis v. Chappius</u>, 618 F.3d 162 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" <u>Chavis</u>, 618 F.3d at 170 (quoting <u>Harris v. City of New York</u>, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 124 (2d Cir. 2010) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868(2009)); <u>see, also Jackson v. Birmingham Board of Education</u>, 544

4

U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

II. Immunity

Having reviewed Plaintiff's Amended Complaint, the Court finds that it fails to state a plausible claim against a proper defendant. Notwithstanding the Court's May 24, 2012 Order, wherein the Court advised Plaintiff that his ADA claims against the EEOC's District Director were barred by sovereign immunity and were not plausible because Plaintiff was not employed by the EEOC, Plaintiff continues to name EEOC District Director Barry as a Defendant. Moreover, Plaintiff includes no factual allegations against Barry nor does he even mention him in the body of the Amended Complaint. Accordingly, as is readily apparent, Plaintiff again fails to allege a plausible claim against Barry and Plaintiff's claims against Barry are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). See, e.g., Burton v. US Equal Employment Opportunity Commission, No. 11-CV-4074 (SLT)(LB), 2011 WL 4344154, at *3 (E.D.N.Y. Sept. 12, 2011) (sua sponte dismissing discrimination claim against the EEOC pursuant to 28 U.S.C. § 1915(e)(2)(B) because it was barred by sovereign immunity); McKoy v. Potter, No. 08-CV-9428 (PKC), 2009 WL 1110692, at * 5 (S.D.N.Y. Apr. 21, 2009) ("Courts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge.") (citing Baba v. Japan Travel Bureau Int'l, 111 F.3d 2, 6 (2d Cir.

1997) (per curiam) (additional citations omitted); see, also Stone v. NYC Transit, No. 04-CV-4141 (NG)(LB), 2005 WL 1593524, at *1 (E.D.N.Y. July 7, 2005) ("[N]either the ADA nor Title VII grants a waiver of sovereign immunity . . . .).

Similarly, all of the remaining Defendants are either New York State agencies or employees of such agencies sued in their official capacities for monetary damages. Insofar as the Plaintiff seeks to sue the New York State Office of the Parks Commissioner, the Eleventh Amendment bars his claims for money damages. See Draves v. New York State Office of Parks, Recreation and Historical Preservation, No. 93-CV-1405 (MBM), 1993 WL 435640, at *3 (S.D.N.Y. Oct. 26, 1993) ("Because the immunity afforded by the Eleventh Amendment extends to state agencies, and because the New York State Office of Parks is a state agency which has not consented to suit, plaintiff's claims against the Office of Parks are barred.") (citations omitted); see also McMillan, III v. New York State Board of Elections, 449 F. Appx. 79, 80 (2d Cir. 2011) (affirming dismissal of claims against a state agency as barred by the Eleventh Amendment). Eleventh Amendment immunity also bars Plaintiff's claims against the State employees, Scalise and Grant. See, e.g., Darcy v. Lippman, 356 F. App'x 434 (2d Cir. 2009) (affirming dismissal of ADA claims against individual defendants in their official capacities because such damages claims were barred by the Eleventh Amendment) (citing Edelman v. Jordan, 4115 U.S.

6

651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974)). Moreover, Plaintiff cannot assert a plausible ADA claim against these individuals in their personal capacities because the ADA does not provide for actions against individuals, even if they are acting in a supervisory capacity. Darcy, F. App'x at 434 (citations omitted).

Given that immunity precludes this Court's adjudication of Plaintiff's claims for money damages against the Defendants, the Amended Complaint is dismissed in its entirety. Plaintiff may pursue any valid claims he may have against the Defendants in state court.

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is sua sponte dismissed with prejudice and the Clerk of the Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   10  , 2012
       Central Islip, New York